IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



KSANKA KUPAQA XA'ŁĊIN, ROCK
CREEK ALLIANCE, EARTHWORKS,
MONTANA ENVIRONMENTAL
INFORMATION CENTER,
DEFENDERS OF WILDLIFE,
SIERRA CLUB, and CENTER FOR
BIOLOGICAL DIVERSITY,

Plaintiffs,

vs.

UNITED STATES FISH AND
WILDLIFE SERVICE; CHAD W.
BENSON, Kootenai National Forest
Supervisor; and UNITED STATES
FOREST SERVICE,

Defendants,

and

RC RESOURCES, INC.,

Defendant-Intervenor.

CV 19–20–M–DWM

ORDER

RC Resources, Inc. moves to intervene as a defendant in this case. (Doc. 9.) RC Resources is the proponent of the Rock Creek Mine Project ("Project"), a proposed underground copper and silver mine near Noxon in Sanders County, Montana. RC Resources owns the mineral estate for the Rock Creek ore deposit,

1

holds the Project's principal permits, and will be the Project operator. This case involves a challenge to certain decisions by the U.S. Fish and Wildlife Service and U.S. Forest Service regarding the Project. Specifically, Plaintiffs allege Defendants violated the Endangered Species Act by (1) failing to reinitiate formal consultation after publication of the Supplement No. 2 to the 2006 Biological Opinion on the Effects to Grizzly Bears from the Rock Creek Mine Project, (2) determining the Project will not jeopardize bull trout, and (3) using a habitat surrogate to establish the Project's authorized incidental take of bull trout. RC Resources seeks intervention as of right under Federal Rule of Civil Procedure 24(a). No party opposes the motion.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). RC Resources meets these requirements.

First, RC Resources' motion to intervene is timely as it was filed just six weeks after the Complaint and before an answer. Second, RC Resources has a significant protectable interest under Rule 24(a) as owner of the relevant mineral estate and permit-holder and operator of the proposed mine at issue in this case. Third, the disposition of this action may impair or impede RC Resources' ability to protect its interest because if Plaintiffs succeed, RC Resources would be prohibited from acting on its permits and implementing its operating plan for the Project. Finally, the existing parties may not adequately represent RC Resources' interests because RC Resources has a personal interest, while Plaintiffs and Defendants represent the public interest. *See Wildearth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996–97 (10th Cir. 2009).

Accordingly, IT IS ORDERED that RC Resources, Inc.'s motion to intervene (Doc. 9) is GRANTED. RC Resources shall re-file its answer as a separate docket entry in the case. The caption is modified as reflected above.

DATED this 14th day of March, 2019.

Donald W. Molloy, District Judge
United States District Court