IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KSANKA KUPAQA XA'ŁƆIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants, <br><br> and <br><br> RC RESOURCES, INC., <br><br> Defendant-Intervenor. | CV 19–20–M–DWM <br><br> ORDER |

This is a case for judicial review of the approval of the Rock Creek Mine, a proposed copper and silver mine near Noxon, Montana. Plaintiffs seek an order compelling Defendants to complete the administrative record, (Doc. 46), arguing that deliberative materials were improperly omitted.

The Ninth Circuit has not addressed whether the administrative record encompasses an agency's internal deliberative materials. In *Portland Audubon Society v. Endangered Species Committee*, the court held that a committee's ex parte communications with the White House should be included in the record, distinguishing a D.C. Circuit case that excluded deliberative materials. 984 F.2d

1

1534, 1548–49 (9th Cir. 1993). Specifically, the court explained that unlike the documents in the D.C. Circuit case, "those sought here concern neither the internal deliberative processes of the agency nor the mental processes of individual agency members." *Id.* at 1549 (discussing *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 751 F.2d 1287 (D.C. Cir. 1984)). Defendants cite this dictum to argue that the Ninth Circuit agrees with the D.C. Circuit—the only circuit to have directly considered the issue—that deliberative materials are not part of the administrative record.

More recently, the Ninth Circuit denied the federal government's petition for a writ of mandamus to stay a district court's order requiring deliberative materials to be added to the administrative record. *In re United States*, 875 F.3d 1200, 1204 (9th Cir.) *vacated on other grounds*, 138 S. Ct. 443 (2017). The court concluded that requiring the government to submit a privilege log was not clear error. *Id.* at 1210. Plaintiffs cite this case to argue that deliberative materials should be included in the administrative record unless a valid claim of privilege can be made.

Neither of these cases offers clear guidance on whether deliberative materials should be included in the administrative record. Absent binding precedent, district courts in the Ninth Circuit are split on the question. Some reason that because judicial review is limited to the agency's stated reasons,

2

deliberative materials are irrelevant.[1] Others reason that deliberative materials are properly included in the administrative record under the Ninth Circuit's broad definition of "the whole record."[2]

The latter reasoning is more persuasive. The administrative record broadly encompasses "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). This necessarily includes deliberative materials. Further, judicial review would be

---

[1] *United States v. Carpenter*, No. 3:99-cv-00547-RLH-RAM, 2011 WL 4763675 (D. Nev. Oct. 7, 2011); *California v. U.S. Dep't of Labor*, No. 2:13-cv-2069-KJM-DAD, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014); *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 1:15-cv-01290-LJO-GSA, 2016 WL 3543203 (E.D. Cal. June 23, 2016); *Golden Gate Salmon Ass'n v. Ross*, No. 1:17-cv-01172-LJO-EPG, 2018 WL 3129849 (E.D. Cal. June 22, 2018); *Carlsson v. U.S. Citizenship & Immigration Servs.*, No. 2:12-cv-7893-AS(AGRx), 2015 WL 1467174 (C.D. Cal. Mar. 23, 2015); *ASSE Int'l v. Kerry*, 8:14-cv-00534-CJC-JPRx, 2018 WL 3326687 (C.D. Cal. Jan. 3, 2018); *Ctr. for Biological Diversity v. Zinke*, No. 3:18-cv-00064-SLG, 2018 WL 8805325 (D. Alaska Nov. 16, 2018).

[2] *Cal. ex rel. Lockyer v. U.S. Dep't of Agric.*, No. C05-03508 EDL, 2006 WL 708914 (N.D. Cal. Mar. 16, 2006); *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, No. C-06-4884-SI, 2007 WL 3049869 (N.D. Cal. Oct. 18, 2007); *High Sierra Hikers Ass'n v. U.S. Dep't of the Interior*, No. C-09-4621 JCS, 2011 WL 2531138 (N.D. Cal. June 24, 2011); *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003 (N.D. Cal. Jan. 10, 2017); *Ctr. for Food Safety v. Vilsack*, No. 15-CV-01590-HSG (KAW), 2017 WL 1709318, (N.D. Cal. May 3, 2017); *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401 (N.D. Cal. June 26, 2018); *Ctr. for Envtl. Health v. Perdue*, No. 18-cv-01763-RS, 2019 WL 3852493 (N.D. Cal. May 9, 2019); *Mickelsen Farms, LLC v. Animal & Plant Health Inspection Serv.*, No. 1:15-CV-00143-EJL-CWD, 2017 WL 2172436 (D. Idaho May 17, 2017); *Indigenous Envtl. Network v. U.S. Dep't of State*, No. CV-17-29-GF-BMM, 2018 WL 1796217 (D. Mont. Apr. 16, 2018).

severely undermined if agencies could keep information from the court merely by classifying them as deliberative. Indeed, "[i]f the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless." *Portland Audubon Soc'y*, 984 F.2d at 1548.

Defendants' admission that deliberative materials were omitted is sufficient to overcome the presumption that the administrative record is complete. *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). Plaintiffs have met their burden to compel completion of the administrative record. Accordingly,

IT IS ORDERED that Plaintiffs' motion (Doc. 46) is GRANTED. Defendants shall complete the administrative record with deliberative materials within 60 days of the date of this Order. Any documents withheld shall be identified in a privilege log.

DATED this 9th day of March, 2020.

13:49 P.M.

Donald W. Molloy, District Judge
United States District Court