IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KSANKA KUPAQA XA'ŁƆIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants, <br><br> and <br><br> RC RESOURCES, INC., <br><br> Defendant-Intervenor. | CV 19–20–M–DWM <br><br><br> ORDER |

Plaintiffs have moved for leave to file a second amended complaint and implicitly seek modification of the scheduling order, *cf. Schardine v. Estate of Fleming*, 2014 WL 2918420, at *2 (June 26, 2014). (Doc. 84.) Defendants and Defendant-Intervenors oppose the motion. (Docs. 92, 93.) The parties were given an opportunity to state their case at a hearing on September 22, 2020. Katherine O'Brien appeared in person on behalf of Plaintiffs, while Devon Flanagan and Paul Lopach appeared by video on behalf of Defendants and Defendant-Intervenor.

This is the fourth round of litigation surrounding the Rock Creek Mine. The parties are at a stage in the litigation where summary judgment briefing is

Page 1

underway and granting Plaintiffs' request for leave would alter the current scheduling orders. (*See* Docs. 50, 66, 88.) The existence of this court-ordered schedule means that Rule 16(b)(4) of the Federal Rules of Civil Procedure governs Plaintiffs' motion, so Plaintiffs must show good cause before the court can grant their request for leave and modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under Rule 16(b)(4), "the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* Whether Plaintiffs were diligent in seeking leave to amend is determinative, as carelessness or dilatory motive will not support a party's request. *Id.* Accordingly, to satisfy Rule 16(b)(4)'s good cause requirement, Plaintiffs must demonstrate that they were diligent in pursuing the two claims they now seek to add to their complaint. They have done so.

At the heart of Plaintiffs' motion and the responses in opposition to amending the complaint is the question of whether the document titled "Supplement to the Biological Opinions on the Effects of the Rock Creek Project on Bull Trout, Designated Bull Trout Critical Habitat, and Grizzly Bear" ("2019 Supplement") is a superseding or supplemental biological opinion. Second to this inquiry is the question of whether Plaintiffs' failure to construe the 2019 Supplement as a superseding biological opinion despite Defendants' characterization of it as a supplemental opinion demonstrates a lack of diligence.

Page 2

On first blush, Defendants' and Defendant-Intervenor's argument seems persuasive—that Plaintiffs were not diligent in attempting to amend their complaint because the 2019 Supplement was published on November 20, 2019, and Plaintiffs gained access to it that same day; thus, they argue, Plaintiffs could have included their proposed claims in the First Amended Complaint that was filed after the publication of the 2019 Supplement. (Doc. 92 at 5.) But under the good cause standard of Rule 16(b)(4), where "the focus of the inquiry is upon the moving party's reasons for seeking modification," *Johnson*, 975 F.2d at 609, Plaintiffs' reasons for not advancing the claims they now seek to assert by amending the complaint are not the result of sitting on known facts or legal arguments. Rather, Plaintiffs have diligently moved to address Defendants' new position on the 2019 Supplement, which Plaintiffs reasonably did not predict based on Defendants' earlier representations of the 2019 Supplement and its new characterization of the legal consequence of a superseding opinion versus a supplemental opinion.

In their brief in support of the cross-motion for summary judgment, Defendants refer to the 2019 Supplement as "the 2019 Biological Opinion." (Doc. 81 at 14.) Defendants argue that "the 2019 Biological Opinion effectively withdrew the jeopardy and critical habitat determinations relating to the Rock Creek Mine's construction and operation," (*id.* at 14–15), and that as a result "the

portions of the previous biological opinions reaching a jeopardy determination for the mine's impacts on bull trout have been rendered moot by the new 2019 Biological Opinion," (*id.* at 35). This is a materially different interpretation of the 2019 Supplement than that presented in Defendants' Answer to Plaintiffs' First Amended Complaint, wherein Defendants repeatedly invoked "the plain language, meaning, and context of the 2019 Supplement." (Doc. 62.) As Plaintiffs note, nowhere in the plain language of the 2019 Supplement does it state that the Supplement supersedes or withdraws previous ESA decisions. (Doc. 85 at 19–20.) And, as explained below, it is not clear from the "meaning and context of the 2019 Supplement" that it withdrew or superseded previous ESA decisions. If it did, the legal horizon is significantly changed.

Plaintiffs point out that they relied on Defendants' past pattern and practice of using supplemental opinions to update and review existing biological opinions while using superseding opinions to withdraw and supersede existing biological opinions. (Doc. 94 at 5–6.) This distinction is consistent with the case law, which delineates between challenges to superseded biological opinions and challenges to biological opinions that have been supplemented. Generally, superseding biological opinions moot issues relating to the preceding biological opinion, *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012), while supplemented biological opinions do not, *see, e.g., Grand Canyon Tr. v. U.S.*

Page 4

*Bureau of Reclamation*, 2011 WL 587161, at *1–2 (D. Ariz. Feb. 10, 2011). Thus, the context of supplemental and superseding opinions as those terms have been historically used and understood within environmental agencies demonstrates that the terms are not interchangeable and can have vastly different impacts on pending litigation.

Plaintiffs' reliance on the plain language, context, and meaning of the 2019 Supplement was reasonable, and this reasonableness is underscored by the fact that Defendants could not articulate a distinction between a supplemental and superseding opinion at the September 22 hearing, and Defendant-Intervenor stated it could not answer the question. The plain language of the 2019 Supplement does not include the words "supersede" or "withdraw." Given the context and meaning of the 2019 Supplement, which Defendants characterized in their Answer to the First Amended Complaint as a supplement, nothing implies that it is actually a superseding biological opinion. In the absence of a clear explanation from Defendants about their apparent change in position, Plaintiffs have diligently sought leave to amend to satisfy the strictures of Rule 16(b)(4).

There is no question that the parties have already devoted substantial time and resources in litigating this case and allowing Plaintiffs to amend the complaint will cause Defendants and Defendant-Intervenors some degree of prejudice. However, while the court may consider the prejudice to the opposing party in a

Rule 16(b)(4) inquiry, it is a less important consideration than diligence, and the risk of prejudice to the opposing party alone is insufficient to justify the denial of a party's motion for leave to amend. *Johnson*, 975 F.2d at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

Furthermore, Defendants and Defendant-Intervenors' concerns of prejudice are mitigated by the fact that Plaintiffs' proposed amendments are in response to the argument that Federal Defendants have already considered and briefed in their cross-motion for summary judgment. Additionally, Plaintiffs stated at the hearing that allowing amendment will remove the most record-intensive claims currently at-issue, and the claims they now wish to assert will not require the submission of a new administrative record.

Accordingly, IT IS ORDERED that Plaintiffs' motion for leave to file a second amended complaint (Doc. 84) is GRANTED. The amended complaint shall be filed by November 6, 2020, following the expiration of the 60-day notice period required for ESA citizen suits under 16 U.S.C. § 1540(g).

IT IS FURTHER ORDERED that the remaining summary judgment deadlines are VACATED. Given the substantive changes in the putative second

amended complaint, the existing summary judgment motions (Docs. 71, 76, 80) are DENIED as moot. The Court makes no finding on the merit of those motions. The parties shall submit a new proposed briefing schedule within seven (7) days of the amended complaint being filed.

DATED this 23rd day of September, 2020.

Donald W. Molloy, District Judge
United States District Court